IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC CHRISTOPHER HINTON, | * | |
| | * | |
| | * | Criminal Action No. 16-cr-556-PX |
| v. | * | Civil Action No. 19-cv-949-PX |
| | * | |
| UNITED STATES OF AMERICA. | * | |
| | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Eric Christopher Hinton's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF No. 60. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is DENIED.

**I.      Background**

On November 16, 2016, Petitioner Eric Christopher Hinton was charged with two counts of possession of a firearm after sustaining a felony conviction, in violation of 18 U.S.C. § 922(g). ECF No. 1. On December 20, 2017, Hinton pleaded guilty to Count One, pursuant to a written plea agreement authorized by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (the "C-Plea"). ECF Nos. 39 & 40. Rule 11(c)(1)(c) allows a recommended sentence to bind the court once the court accepts the plea agreement. Fed. R. Crim. P. 11(c)(1)(C). Hinton's C-Plea, if accepted, would bind the Court to impose a 51-month incarceration term. ECF No. 40.

At the re-arraignment, the Honorable Paul W. Grimm thoroughly inquired of Hinton as to whether he "fully understood what was written on these pages" of the plea agreement "before

[he] signed them." ECF No. 63 at 6.[1] Hinton responded in the affirmative, specifically acknowledging that he understood the guideline adjustments and agreed to their applicability. *Id.* at 6, 22–27. Hinton also confirmed that the agreed-upon facts were true, accurate, and could be proven with evidence beyond a reasonable doubt at trial. *Id.* at 27, 30.

More particularly, Hinton admitted that on May 11, 2016, he knowingly possessed a loaded firearm and also used that firearm to threaten employees at a car dealership. ECF No. 40-1 at 1. Hinton next acknowledged that his Advisory Guidelines began at a base offense level of 20 because he had previously sustained a felony conviction for a crime of violence, ECF No. 40 at 3; U.S.S.G. § 2K2.1(a)(4)(A), and that a four-level upward adjustment applied because he used or possessed the firearm in connection with another felony offense, ECF No. 40 at 4; U.S.S.G. § 2K2.1(b)(6)(B). Last, Hinton agreed that a two-level reduction for acceptance of responsibility applied, resulting in a final offense level of 22. ECF No. 40 at 4.

On September 5, 2018, Judge Grimm accepted the C-Plea and sentenced Hinton to the agreed-upon prison term of 51 months. ECF Nos. 58 & 59. Hinton next filed his *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on April 5, 2019. ECF No. 60. The Government responded to the motion on August 6, 2019. ECF No. 66. The matter is now ripe for review, and for the following reasons, the motion is denied and certificate of appealability shall not issue.

## II.    Analysis

Under 28 U.S.C. § 2255, the Petitioner may move to vacate a conviction and sentence that is "imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The petitioner bears the burden of proving his

---

[1] The case was transferred to this Court on December 27, 2022, following the retirement of Judge Grimm.

entitlement to relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). A claim of ineffective assistance of counsel may be asserted for the first time in a § 2255 motion. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991).

To establish ineffective assistance of counsel, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A strong presumption exists that counsel's performance fell within a wide range of reasonably professional conduct; accordingly, courts remain highly deferential in scrutinizing counsel's performance. *Id.* at 689. Moreover, when no prejudice results from the claimed errors of counsel, the Court need not reach whether the attorney's performance was deficient. *Id.* at 697. A defendant establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Hinton singularly argues that his defense counsel rendered ineffective assistance for failing to recognize that the plea agreement cited the wrong guideline subsection regarding the applicable four-level upward adjustment. ECF No. 60 at 2–3. Hinton highlights that the plea agreement cited U.S.S.G. § 2K2.1(b)(6)(A), which applies when a defendant possessed a firearm while leaving or attempting to leave the United States, even though Hinton had agreed to an adjustment based on his having used the firearm in connection with another felony offense. *Id.* From this, Hinton argues that counsel's failure to recognize this error caused Hinton to "unknowingly" admit to conduct supporting subsection 6(A). *Id.* at 3.

But no evidence supports that Hinton's counsel caused him to "unknowingly" admit to anything other than the stipulated facts in the agreement. The record is plain that Hinton

expressly agreed that he had possessed the firearm in connection with another felony offense, and that such conduct warranted a four-level upward adjustment under U.S.S.G.§ 2K2.1(b)(6)(B).  ECF No. 63 at 22–27; 30.  That the plea agreement erroneously cited the wrong guideline subsection—6(A)—does not somehow erase Hinton's under oath admission to the acts which triggered adjustment under the right subsection—6(B).  And so, by extension, defense counsel cannot be said to have committed any error, let alone an error of constitutional magnitude.

Hinton also cannot demonstrate that any prejudice flowed from his claimed error.  Indeed, Hinton agreed at his guilty plea, and again at sentencing, that the four-level adjustment is properly assessed, precisely because he possessed the firearm in connection with another felony offense.  *Id.*; *see also* ECF No. 67 at 3 (no objection to presentence report recommending the adjustment).  And in any event, his 51-month prison term is exactly that which he bargained for as part of his C-Plea.  His ineffective assistance of counsel claim is therefore denied.

### III.  Certificate of Appealability

Pursuant to Rule 11(a) of the Federal Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order, *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007), and may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2).  Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller–El v. Cockrell*, 537 U.S. 322, 336–38

(2003). Hinton does not satisfy this standard. Accordingly, a certificate of appealability will not issue.

### IV. Conclusion

For the foregoing reasons, Hinton's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied. A separate Order follows.

3/30/2023                                                                       /S/
Date                                                                           Paula Xinis
                                                                               United States District Judge